IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDFORD RAY NOLAN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-00487-JD |
| | ) |
| BRADLEY DAVIS, official and | ) |
| individual capacities; and ENID | ) |
| POLICE DEPARTMENT, official | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

Plaintiff filed this prisoner civil rights action on May 13, 2024. [Doc. No. 1]. The Court referred this action to United States Magistrate Judge Suzanne Mitchell under 28 U.S.C. § 636. [Doc. No. 3].

On May 14, 2024, Judge Mitchell issued an order to Plaintiff. [Doc. No. 4]. The Court's order required Plaintiff to pay an initial filing fee of $18.53 and to submit his complaint on the correct form. *Id.* at 1 & n.1. The order set a deadline of June 4, 2024, for Plaintiff to comply with the Court's order. Judge Mitchell warned Plaintiff that his failure to comply with the order may result in the dismissal of the action. *See id.* at 2.

On June 11, 2024, Judge Mitchell issued a Report and Recommendation, recommending that the Court dismiss Plaintiff's action without prejudice for his failure to pay the initial filing fee. [Doc. No. 6]. Judge Mitchell also noted that Plaintiff had failed to comply with her order to fill out and return the complaint form by June 4, 2024, *see id.* at 3 n.3, but the Report and Recommendation of June 11, 2024 "specifically

[recommended dismissal] for [Plaintiff's] failure to timely pay the required initial filing fee," *see id.* at 1.

On June 12, 2024, Plaintiff paid the initial filing fee. [Doc. No. 7]. The undersigned judge therefore declined to accept the Report and Recommendation [Doc. No. 6] and referred this matter to Judge Mitchell in accordance with the previous referral order. *See* [Doc. Nos. 3, 8].

No further filings were made by Plaintiff, and he still failed to comply with Judge Mitchell's prior order that he complete and submit his complaint on the correct form. Consequently, Judge Mitchell issued a Report and Recommendation on June 20, 2024, recommending that the Court dismiss Plaintiff's action without prejudice "specifically [for] his failure to timely submit a complaint on the correct form," as the court had previously ordered on May 14, 2024. *See* [Doc. No. 9 at 1]. Judge Mitchell noted that Plaintiff had not filed the new complaint or otherwise responded to the order. *Id.* at 2.

Judge Mitchell advised Plaintiff of his right to object to the Report and Recommendation by July 11, 2024, and explained that his failure to timely object to the Report and Recommendation would waive appellate review of the factual and legal issues contained in the Report and Recommendation. *Id.* at 4. To date, Plaintiff has not filed an objection to the Report and Recommendation, or otherwise made any effort to prosecute this action.[1]

---

[1] The Court's record reflects that the Court's order of June 13, 2024, and the Report and Recommendations of June 11, 2024 and June 20, 2024, were mailed to Plaintiff at his provided address and returned to the Court as undeliverable. *See* [Doc. Nos. 10, 11, and 13]. However, Plaintiff is responsible for notifying the Court of any

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, the parties waive their rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

With no objection being filed, and concurring with Judge Mitchell's findings and recommendations, the Court ACCEPTS the Report and Recommendation of June 20, 2024 [Doc. No. 9]. For the reasons stated in the Report and Recommendation, the Court DISMISSES Plaintiff's action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 15th day of July 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [the plaintiff] is acting pro se does not eliminate this burden.").